UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERARD R. MARCOTTE,

        Plaintiff,

  v.

MONROE CORRECTIONS COMPLEX, et al.,

        Defendants.

CASE NO. C04-1925JLR

ORDER

      This matter comes before the court on Defendants' motion for reconsideration (Dkt. # 52) of this court's prior order (Dkt. # 51). For the reasons stated below, Defendants' motion is DENIED.

      Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and the court will ordinarily deny such motions unless there is a showing of (a) manifest error in the prior ruling or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.

      Defendants have not made the requisite showing as to either of the grounds for reconsideration under CR 7(h)(1). Defendants, rather, attempt to use this motion to revisit the legal standards for supervisory liability and qualified immunity. In doing so, Defendants cite out-of-circuit caselaw and ignore the court's discussion and application

ORDER – 1

of binding, Ninth Circuit precedent.  For example, Defendants continue to assert that certain Defendants cannot be liable because they did not "personally participate" in Plaintiff's alleged injury.  The court considered and rejected such a reading of Ninth Circuit precedent.  As the court noted previously, supervisory liability exists even if the supervisor does not personally participate in the constitutional deprivation.  Johnson v. Duffy, 588 F.2d 740, 743-4 (9th Cir. 1978) ("The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.").[1]

What is more, Defendants move this court to reconsider its ruling based on evidence that Defendants submit for the first time, concurrent with this motion.  The court does not revisit its prior order on the basis of "newly acquired evidence" that Defendants could have obtained by *any* measure of diligence.[2]  Given that the deadline for dispositive motions has now passed, the failure of defense counsel to submit all of his supporting evidence is a particular disservice to his clients and to the resolution of this matter.

---

[1] The Ninth Circuit cases cited by Defendants add nothing to this determination and in fact, support this court's prior ruling.  See e.g., Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355-6 (9th Cir. 1981) ("The standard for causation stated in Johnson v. Duffy, supra, is more than that of causation in fact.  The statement resembles the standard 'foreseeability' formulation of proximate cause. . . .  If [Plaintiff] could point to any fact that would tend to show that defendants had some control or power over the Task Force, and that defendants directed the Task Force to take action against Arnold, there would certainly be a dispute of material fact on the issue of proximate cause sufficient to reverse the summary judgment.").

[2] Defense counsel assuredly knew all of the declarants at the time of filing his motion for summary judgment.  Two new declarations come from employees who presently work at the very facility in question; the other declarations supplement previous statements.

ORDER – 2

For the reasons stated above, Defendants' motion for reconsideration (Dkt. # 52) is DENIED.

Dated this 7th day of November, 2005.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER – 3